IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | 92-CR-30004-WDS |
| ) | |
| **DAMON T. SUMRALL,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to reduce sentence (Doc. 293) pursuant to 18 U.S.C. § 3582. The Court appointed the Federal Public Defender to represent the defendant in this matter, but after review, the FPT sought leave to withdraw on the grounds that the defendant's sentence was based on powder cocaine, not crack cocaine amounts.[1] The Court granted counsel leave to withdraw (Doc. 304). The defendant has also a second motion for retroactive application of the sentencing guidelines (Doc. 301), a supplement to his motion (Doc. 306) and three motions to proceed in forma pauperis (Doc. 294, 302 & 307),

The Court **FINDS** that the defendant is not eligible for a reduction in sentence[2] because he was sentenced on a quantity of cocaine which imposed a mandatory minimum sentence. "Nothin in § 3582(c)(2) permits a court to reduce a sentence below a mandatory minimum"

---

[1] Moreover, the defendant's relevant conduct was calculated at a level 38 based upon 150 kilos of cocaine and his criminal history category. Under the applicable statute, this amount of drugs carries a mandatory minimum of 10 years to life imprisonment. 21 U.S.C. §841(b).

[2] In addition, the defendant was released on Supervision in April of 2010, with a 5 year term of supervised release.

*United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009); *Kimbrough v. United States*, 128 S.Ct. 558 (2007).

Accordingly, the Court **DENIES** defendant's motions for reduction of sentence pursuant to 18 U.S.C. § 3582.[3] The motions to proceed in forma pauperis are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATE: 8 December , 2010**

              **/s/ WILLIAM D. STIEHL**
                **DISTRICT JUDGE**

---

[3]The Court notes that the defendant is not eligible for a reduction pursuant to Amendment 505 which lowered the maximum base offense level from a level 42 to a level 38, U.S.S.G. §2D1.1, as the defendant was a level 38 for sentencing purposes.